UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ARTHUR DEPONTE,

Plaintiff,

v.

ALLEN J. DELGADO, et al.,

Defendants.

No.  2:26-cv-1203 DJC AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a), 1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Failure to State a Claim

The complaint alleges that defendants Delgado and Moseley violated plaintiff's rights by failing to process over 150 grievances within the applicable time constraints. ECF No. 1 at 4-5. Plaintiff asserts that this failure violated due process and indicates that it interfered with his access to the courts and was retaliatory. Id. However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). As a result, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing inmate appeals generally do not serve as a basis for liability under section

1983.  Id.

By checking boxes on the complaint form, plaintiff also indicates that he may be attempting to claim the denials interfered with his access to the courts and were retaliatory.  ECF No. 1 at 4-5.  However, he does not allege any facts that would support a substantive claim on such grounds.  Moreover, to the extent plaintiff may be attempting to allege that the failure to respond to his grievances within the established timeframes prevented him from exhausting his claims, he attaches a number of responses showing that when the time to complete a response is exceeded, the prior response is considered the final response and administrative remedies are deemed exhausted.  Id. at 10-30.  As for any claim that failing to timely process his grievances was retaliatory, this conduct is not an adverse action that is more than de minimis and it would not deter a prisoner of "ordinary firmness" from further First Amendment activities.  See Rhodes v. Robinson (Rhodes I), 408 F. 3d 559, 568-69 (9th Cir. 2005) (retaliation claim requires defendant took adverse action that would chill a person of ordinary firmness from exercising their First Amendment rights); Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.2012) (harm must be "more than minimal" (quoting Rhodes I, 408 F.3d at 568, n.11)); Rhodes v. Robinson, (Rhodes II), 399 F. App'x 160, 163 (9th Cir. 2010) (failing to personally respond to grievance or return evidence did not chill speech where grievance was fully processed); Dicey v. Hanks, No. 2:14-cv-2018 JAM AC, 2015 WL 4879627, at *5, 2015 U.S. Dist. LEXIS 107487, at *10-11 (E.D. Cal. Aug. 14, 2015) ("[T]he denial of a grievance neither constitutes an adverse action that is more than de minimis nor is it sufficient to deter a prisoner of 'ordinary firmness' from further First Amendment activities." (collecting cases)).

For these reasons, plaintiff has failed to state any cognizable claims against defendants.

III.    No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

IV.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

It is being recommended that your complaint be dismissed without leave to amend because the failure to timely process your grievances within the department's timeframes is not a violation of your constitutional rights.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4